# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1,

Plaintiff,

vs.

FIDELITY NATIONAL TITLE INSURANCE COMPANY and LAWYERS TITLE INSURANCE COMPANY,

Defendants.

Case No.: 2:19-cv-00809-GMN-BNW

**ORDER**

Pending before the Court is the Motion to Extend Stay, (ECF No. 31), filed by Defendants Fidelity National Title Insurance Company and Lawyers Title Insurance Company (collectively, "Defendants").  Plaintiff U.S. Bank National Association ("Plaintiff") filed a Response, (ECF No. 32), and Defendants filed a Reply, (ECF No. 34).

Also pending before the Court is Plaintiff's Countermotion to Lift Stay, (ECF No. 33). Defendants filed a Response, (ECF No. 35), and Plaintiff filed a Reply, (ECF No. 36).  For the reasons discussed herein, the Court **GRANTS** Defendants' Motion to Extend Stay, and **DENIES** Plaintiff's Motion to Lift Stay.

This case arises out of the numerous and long-standing HOA foreclosure actions prevalent in Nevada.  Currently at issue in these types of cases is whether a title insurance claim involving an HOA assessment lien, and subsequent foreclosure sale, was covered by the

corresponding title insurance policy. (Order 1:25–27, ECF No. 19).  The parties dispute how to interpret the standard form language in the 1992 American Land Title Association ("ALTA") loan policy of title insurance and the California Land Title Association ("CLTA") 100/ALTA 9 endorsement. (Mot. Extend Stay 3:23–4:1, ECF No. 31).  In 2019, the Court granted a stay in many of the title insurance cases, including this one, pending the Ninth Circuit's resolution of *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (Dist. Ct. Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"), which the parties anticipated would interpret the "cookie cutter" policy language at issue in the 1992 ALTA loan policy and the CLTA 100/ALTA 9 endorsement. (*See* Stipulation 2:10–13, ECF No. 18); (Mot. Extend Stay 3:23–4:1).  However, the *Wells Fargo II* Appeal concluded without reaching the policy interpretation issue. (*See* Memorandum/Opinion of USCA, *Wells Fargo Bank, N.A. v. Fidelity National Title Insurance Company*, Case No. 3:19-cv-00241-MMD-CSD (D. Nev. 2019), ECF No. 17) (vacating and remanding the district court's order granting a motion to dismiss without leave to amend).  Defendants now claim that *PennyMac Corp. v. Westcor Land Title Ins. Co.,* Nev. Sup. Ct. Case No. 83737 (Eighth Judicial District Case No. A-18-781257-C) (the "*PennyMac* Appeal"), which is currently pending in the Nevada Supreme Court, will shed light on the policy language because it also concerns the 1992 ALTA loan policy and the CLTA 100/ALTA 9 endorsement. (Mot. Extend Stay 3:13–20). *See also PennyMac Corp. v. Westcor Land Title Ins. Co.,* No. A-18-781257-C, 2021 WL 5492852, at *9–15, 21 (Nev. Dist. Ct. Oct. 22, 2021).

A district court's power to stay a proceeding is "incidental to the power inherent in every court" to manage its docket and promote the efficient use of judicial resources. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," and a party seeking such a stay must "make out a clear case of

hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*  In considering whether a "*Landis Stay*" is warranted, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Those competing interests are: (1) the possible damage which may result from a stay, (2) hardships or inequities a party may suffer if required to go forward, and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" which could be expected to result from a stay. *Id.*

Here, the Court finds that the benefits of continuing the stay outweigh any possible hardships of lifting it.  After a review of the issues at stake in the *Wells Fargo II* Appeal, the *PennyMac* Appeal, and this case, it appears to the Court that the *PennyMac* Appeal may provide the exact interpretation of the 1992 ALTA loan policy and the CLTA 100/ALTA 9 endorsement that the parties originally sought from the *Wells Fargo II* Appeal.  The parties themselves agreed that waiting for these interpretations from the *Wells Fargo II* Appeal "will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* appeal might affect the disposition of this case)." (Stipulation 2:19–21, ECF No. 18).  The Court finds no reason why waiting for the same interpretations from the *PennyMac* Appeal would now cause prejudice or fail to serve the interests of judicial economy, especially when considering that Plaintiff has not identified any hardship, other than the passage of time, that it will suffer by continuing the stay.  Therefore, the "orderly course of justice" in this matter is best served by continuing the stay while the Nevada Supreme Court considers the *PennyMac* Appeal.  *Lockyer*, 398 F.3d at 1110.

//

//

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Extend Stay, (ECF No. 31), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Lift Stay, (ECF No. 33), is **DENIED.**

**DATED** this ___11___ day of August, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court